UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOEL D.S.G.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-08386-MKD<br><br>A# 097-935-507<br><br>ORDER DENYING PETITION FOR HABEAS CORPUS AND GRANTING MOTION TO DISMISS<br><br>**ECF No. 9** |

Petitioner, an immigration detainee at the California City Detention Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Respondent filed a motion to dismiss. ECF No. 9. Petitioner did not file a reply. For the reasons discussed below, the Court denies the Petition without prejudice and grants Respondent's motion to dismiss.

Petitioner is a native and citizen of Cuba who became a lawful permanent resident in September 2006. ECF No. 9 at 9. In June 2025, he was convicted in Florida of possession of a controlled substance. *Id.* at 25. He entered immigration custody on July 6, 2026, and was charged with removability based on that

conviction. *Id.* at 19. Respondents represent that he remains detained under 8 U.S.C. § 1226(c) while his removal proceedings are pending. *Id.* at 1-2. Petitioner's previous challenge to this detention was denied without prejudice to a later claim if his detention became unduly prolonged. *Del Sol Gonzalez v. Chestnut*, No. 1:26-cv-6669 (E.D. Cal. Aug. 31, 2026), ECF No. 10 at 2.

The record supports Petitioner's detention under 8 U.S.C. § 1226(c)(1)(B) based on his controlled substance conviction. ECF No. 9 at 20. Section 1226(c)(1)(B) requires detention pending removal proceedings and does not provide a statutory right to a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018). The limitations on detention following a final removal order recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001), do not govern his present detention under § 1226(c). *See Jennings*, 583 U.S. at 304.

Petitioner has also not established a due process violation. "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Petitioner has now been in immigration custody for just over four months. ECF No. 9 at 19. The duration and circumstances of detention shown here do not establish that his continued custody pending removal proceedings has become "unreasonable or unjustified." *Demore*, 538 U.S. at 532 (Kennedy, J., concurring). The Court therefore denies relief without prejudice to a renewed challenge if his detention becomes unduly

prolonged. Because the Petition fails on the merits, the Court need not address Respondent's arguments concerning abuse of the writ or administrative exhaustion.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DENIED without prejudice**.

2. The transfer restriction is **VACATED**.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Respondent and **CLOSE** this case.

DATED November 16, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE